IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JULIE CRUZ SANTANA, in representation of Diogene Fermin Fernandez,**

  **Petitioner,**

  v.

**REBECCA GONZÁLEZ RAMOS; ET AL.,**

  **Respondents.**

CIVIL NO. 26-1036 (PAD)

**ORDER**

Before the court is petitioner's "Petition for Writ of Habeas Corpus" (Docket No. 1). In his petition, petitioner alleges that: 1) he is a national and citizen of the Dominican Republic; 2) on June 4, 2007, he entered Puerto Rico without undergoing proper admission procedures; 3) on December 23, 2023, he married Elizabeth Guzman de los Santos, a U.S. citizen, in San Juan, Puerto Rico;[1] 4) based on his marriage to Guzman, they filed and received approval for a Petition for Alien Relative; 5) later, he filed an application for a provisional waiver with the goal of obtaining permanent resident status; and 6) that his application was accepted and is currently pending adjudication. Id. But, on January 20, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents blocked petitioner's vehicle in Villa Palmeras, San Juan, Puerto Rico, while he was on his way to work, and detained him. Id. He asserts that he is currently in the physical custody of the United States at a U.S. Customs and Border Protection ("CBP") Processing Center in Aguadilla, Puerto Rico. Id. He maintains that unless the court orders the U.S. government to keep him in the District of Puerto Rico, he will be

---

[1] Petitioner also states that he has a U.S. citizen child from a previous relationship, to whom he provides financial support and with whom he maintains a close relationship

transferred to the mainland U.S. within 72 hours from his detention, because there is "no formal immigration detention center in the island." Id. Also, he points out that his detention and transfer to another jurisdiction, without a bond hearing, violates due process. Id. Due to the imminence of his potential transfer to another jurisdiction, he urgently asks the court, among other things, to enter an order prohibiting respondents, their agents and employees from transferring him out of the District of Puerto Rico pending a ruling on his habeas petition and a bond hearing, and order respondents to show cause, on an expedited basis, as to why the his habeas petition should not be granted. Id. Those requests are granted.

The Immigration and Nationality Act, 8 U.S.C. § 1226(a), "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) confers suspected noncitizens "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing . . . ." Id. at 1202.[2]

Accordingly, the court ORDERS the following:

1. Respondents **shall not transfer** petitioner outside of the District of Puerto Rico until he has been granted a bond hearing.

2. Not later than **January 30, 2026,** respondents shall provide petitioner a bond hearing before an immigration judge. If respondents fail to provide such hearing by this deadline, they shall immediately release petitioner.

3. Not later than **February 6, 2026,** respondents shall:

---

[2] At such initial bond hearing, the government bears the burden of that the suspected noncitizen poses a danger to the community or poses a flight risk. See, Doe v. Tompkins, 11 F.4th 1, 2 (1st Cir. 2021)(so noting); see also, Alvarez Ortiz v. Freden, 2025 WL 3085032, *15 (W.D.N.Y. Nov. 4, 2025)(similar).

Case 3:26-cv-01036-PAD   Document 5   Filed 01/23/26   Page 3 of 3

Cruz-Santana v. Gonzalez Ramos; et. al.
Civil No. 25-1158 (PAD)
Order
Page 3

      a. File an informative motion confirming whether petitioner has either been granted a bond hearing in compliance with this Order or released from custody; and,

      b. Show cause as to why the remaining requests made in petitioner's habeas petition (Docket No. 1) should not be granted.

Petitioner shall immediately serve process on respondents, and provide them with a copy of this Order.

**SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of January, 2026.

                        s/Pedro A. Delgado-Hernández
                        PEDRO A. DELGADO-HERNÁNDEZ
                        United States District Judge