IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JULIE CRUZ SANTANA, in representation of Diogene Fermin Fernandez,**<br><br>**Petitioner,**<br><br>v.<br><br>**REBECCA GONZÁLEZ RAMOS; <u>ET AL.</u>,**<br><br>**Respondents.** | **CIVIL NO. 26-1036 (PAD)** |

**MEMORANDUM AND ORDER**

Before the court is petitioner's "Petition for Writ of Habeas Corpus" (Docket No. 1) and "Urgent Motion Requesting Order Prohibiting the Transfer of Petitioner from Puerto Rico to Other Jurisdiction . . ." (Docket No. 4)., which respondents opposed (Docket Nos. 16 and 18). Petitioner replied (Docket No. 25), and respondents surreplied (Docket No. 28).

**I.      DISCUSSION**

On January 23, 2026, the court granted in part petitioner's requests, ordering respondents to provide him with a bond hearing before an immigration judge and to refrain from transferring him out of the District of Puerto Rico pending a ruling on his habeas petition and bond hearing (Docket No. 5). On January 29, 2026, petitioner filed an "Urgent Motion Requesting Order to Stay Transfer of Petitioner . . ." (Docket No. 12), informing that on that same date, a custody redetermination hearing was held before an immigration judge, who, after full consideration of the evidence presented at that hearing, ordered that petitioner be "released from custody under bond of $10,000" (Docket No. 12-1, p. 5).

Cruz-Santana v. Gonzalez Ramos; et. al.
Civil No. 25-1158 (PAD)
Order
Page 2

On February 3, 2026, petitioner paid the bond and was released from custody (Docket No. 25, p. 15).  On that account, petitioner's fundamental request for relief at Docket Nos. 1 and 4, i.e., that he be released from respondents' custody, has been achieved.  Thus, the issue is moot.[1]

## II.     CONCLUSION

For the reasons stated, the case is DISMISSED.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2026.

                                              s/Pedro A. Delgado-Hernández
                                              PEDRO A. DELGADO-HERNÁNDEZ
                                              United States District Judge

---

[1] As for petitioner's remaining request for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Docket No. 1, pp. 12-13), the court is persuaded by the government's position at Docket No. 16 that he is not entitled to attorney's fees.  Therefore, the request must be denied.